## ROYAL BURNHAM *v.* TOWN OF STRAFFORD.

*Evidence.   Book of Account.   Collateral Fact.*

The question was, whether the plaintiff while selectman borrowed and paid to the defendant's treasurer, for its benefit, the sum of $300. The treasurer denied it, and, to strengthen his testimony, his book of accounts was introduced, on which there was no entry of such payment; *Held,* that evidence was not admissible in rebuttal to prove other discrepancies in the treasurer's accounts independent of, and collateral to, the question in issue.

ASSUMPSIT.   Trial by jury, June Term, 1884, Orange County, POWERS, J., presiding.   Verdict for the defendant.

*C. W. Clark,* for the plaintiff, cited 1 Smith Lead. Cas. 374; *Sargent* v. *Pettibone,* 1 Aik. 355; *Cogswell* v. *Dolliver,* 2 Mass. 221; *Churchman* v. *Smith,* 6 Wheat. 106.

*Heath & Willard,* for the defendant, cited *Gardner* v. *Way,* 8 Gray, 189; *Rodenburgh* v. *Rosenberry,* 24 N. J. L. 491; *Hitt* v. *Slocum,* 37 Vt. 524; Steph. Dig. Ev. art. 10; 1 Whar. Ev. s. 29; 1 Best Ev. s. 255; 1 Phil. Ev. p. 171 (chap. 7, s. 3).

The opinion of the court was delivered by

WALKER, J.   The question upon trial in the County Court was whether the plaintiff delivered to H. A. Hatch, the treasurer of the town of Strafford, three hundred dollars, which the plaintiff claimed that he, as one of the selectmen, borrowed for the town and paid over to said Hatch as such treasurer on the 9th day of April, 1871.   The defendant town denied the receipt of the money from the plaintiff, and called said Hatch as a witness, who testified that the money in question was not delivered to him, as claimed and testified to by the plaintiff; and to strengthen and corroborate his testimony, the town treasurer's book of accounts of moneys received and paid out, kept by said Hatch, was produced in evidence to show that no such credit appeared upon the book.   The plaintiff then called S. F. Frary, who was one of the auditors of the defendant town for the year 1870-71, and offered to show by him discrepancies in Hatch's accounts; and that he found an error in the accounts of said treasurer Hatch for that year of $200.   The County Court excluded the evidence thus offered.

It is contended by the plaintiff that this testimony was competent evidence to impeach the character of Hatch's book of accounts as treasurer, and to weaken the force of the evidence derived from the non-entry of the $300, in question upon it.

The evidence offered had relation to transactions prior to

and different from the transaction which was the subject of investigation and controversy in the suit on trial. It had no relevancy to the suit on trial.

Treasurer Hatch's book had been produced in evidence by the defendant, and it was open to any scrutiny and examination to which the plaintiff might choose to put it. Its credit as evidence depended upon its appearance, the manner in which it was kept, the order of the entries as to time, and its freedom from erasures and alterations, etc.; but, as held in *Gardner* v. *Way,* 8 Gray, 189, the production of the book in evidence did not give the plaintiff the right, for the purpose of weakening and invalidating the force of the evidence derived from it, to show that an error had been discovered in Hatch's account on a settlement previously made with the town auditor concerning items and transactions entirely disconnected with the transaction in question, nor to show that in his accounts as treasurer with other persons, whether upon the same book or other books, dishonest charges had been entered, or that proper credits had been omitted therefrom.

It is claimed that the case differs materially from that of the production of a trader's book to show the sale and delivery of goods, in this, that the production of the book in the case at bar was for the purpose of deriving evidence from the absence of the entry, tending to show that the money was not delivered and received as the plaintiff claimed. We think there is no such distinction to be made, and that the principle which governs the admissibility or inadmissibility of the evidence is the same in each case. In the one case the book is introduced as evidence tending to show the delivery and receipt of the goods by the charge thereof upon the book; in the other, as evidence tending to show that the money was not delivered and received, from the absence of any credit of the same upon the book where it was the duty of the witness to enter it if he had received it. The fact that Hatch's book was his book of accounts as

town treasurer, does not change the rule touching the admissibility of evidence relative to its credibility.

In law the same rule is applied to the admissibility of evidence relative to a town officer's book of accounts as to a trader's book of accounts; and evidence which is inadmissible to attack and weaken the force of evidence derived from a trader's book would for the same reason not be admissible to attack the credibility of a town officer's book. Their credibility must be tested by proper evidence under the same rules.

The objection to the admission of evidence of the character offered by the plaintiff in this case is that it is evidence of an independent and collateral fact, and wholly disconnected with the question in issue, and if admitted would tend to raise a new and independent issue, which might draw the minds of the jury from the real point in issue and mislead them. Evidence of collateral matter is admissible only in exceptional cases. No authority has been referred to showing that evidence of the character offered falls within any exception to the rule excluding evidence of collateral facts; and we are not disposed to depart from the long established rule upon this subject.

The judgment is affirmed.